UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JAMES L. MOSS                                CIVIL ACTION NO. 10-cv-0002

VERSUS                                       JUDGE STAGG

UNUM GROUP CORP., ET AL                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Dr. James Moss, a urological surgeon, filed a claim under disability policies. He alleged that osteoarthritis in his shoulder prevents him from performing certain procedures that are important in his practice. The insurers denied the claim, and Dr. Moss filed a state-court suit for benefits and penalties. He asserted in the same petition claims against Tim Fitzgerald and Associates, LLC and TFG Financial Group Benefits, LLC. Dr. Moss alleged that those two defendants are liable because Tim Fitzgerald, Dr. Moss's insurance agent, did not accurately describe the coverage provided by the policies.

Defendants removed the case based on an assertion of diversity jurisdiction. They acknowledged that the Fitzgerald agency defendants share Louisiana citizenship with Dr. Moss, but they argued that diversity jurisdiction was nonetheless present because the agency defendants were improperly joined. Dr. Moss filed a Motion to Remand (Doc. 9) that challenges the assertion of improper joinder. For the reasons that follow, it is recommended

that the motion be denied and that all claims against the agency defendants be dismissed as time-barred.

**Relevant Facts**

Dr. Moss testifies in an affidavit that, in the late 1980's, he became concerned about his existing disability insurance coverage. He contacted agent Fitzgerald to discuss insurance that Fitzgerald offered through another insurer, New York Life. Mr. Fitzgerald assured Dr. Moss that if he were to become disabled to any extent he would be considered totally disabled under a New York Life disability policy, and Moss purchased such a policy through Fitzgerald in 1991. Dr. Moss testifies that similar discussions were conducted regarding a second New York Life policy that he purchased through Fitzgerald in 1993.

Dr. Moss alleges in his petition that in early 2000 he inquired of Mr. Fitzgerald for clarification of the terms and conditions of the disability policies. Mr. Fitzgerald replied by letter in June 2000. Mr. Fitzgerald and New York Life confirmed that Dr. Moss's occupation under the policy would be considered a urological surgeon so that he would be deemed disabled if he were unable to perform the substantial and material duties of that specialty. Petition, ¶¶ 10-15.

Dr. Moss filed a claim for benefits in 2008. Unum Provident Corporation, which now administers the policies, denied the claim. Dr. Moss filed his state-court suit in December 2009, about 16 years after he purchased the last of the two policies and nine years after the correspondence between Moss and Fitzgerald about the interpretation of the policies. The

petition includes an allegation that the Fitzgerald agency "represented to plaintiff that he would be entitled to total disability benefits under the terms and conditions of those policies should events such as those set forth in this petition occur." ¶ 34.

**Analysis**

The improper joinder doctrine provides that the court may ignore the citizenship of the non-diverse agency defendants if it is demonstrated that there is no reasonable basis for the court to predict the plaintiff might be able to recover against them. Smallwood v. Illinois Central RR Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Defendants argue that there is no basis for the court to predict recovery against the agency defendants because all claims against them are perempted by La.R.S. 9:5606.

The statute provides that no action for damages against an insurance agent arising out of an engagement to provide insurance services shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date such is discovered or should have been discovered. "However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect." Subsection D of the statute states that these periods of limitation "are peremptive periods" that may not be renounced, interrupted, or suspended.

Dr. Moss argues, without citing any supporting jurisprudence, that Mr. Fitzgerald had the continuing duty to correctly and appropriately advise Moss regarding his coverage, and

every opportunity Fitzgerald missed to meet with Moss to reevaluate his coverage constituted a continuing tort that prevents the claims from being perempted despite the passage of approximately 16 years since the last policy issued and approximately nine years since the correspondence regarding interpretation of the policies. The argument references testimony by Dr. Moss in his affidavit. He testifies that, until his claim was denied in recent years, he had confidently relied upon the representations Mr. Fitzgerald made in 1991, 1993, and 2000. He concedes that Fitzgerald did not meet with him annually thereafter, but he states that he continued to rely upon Fitzgerald's advice from their prior discussions as he maintained his policies in effect. He testifies that Fitzgerald "has continued to be my agent and had a continuing duty to advise me accurately regarding my disability policies and the manner in which they were being interpreted and applied."

Judge Hicks examined and rejected a virtually identical argument that Dr. Moss raised in response to a peremption defense asserted by another insurance agent who issued Moss a disability policy. Moss v. Hartford Life & Accident Ins. Co., 2010 WL 1854029 (W.D. La. 2010). Cited in support were Louisiana decisions that have rejected the arguments that (1) the continuing tort theory could avoid the peremptive period and (2) mere policy renewals restart the peremptive period set forth in Section 5606. See, e.g., Bel v. State Farm, 845 So.2d 377 (La. App. 1st Cir. 2003). The facts and arguments presented in this case and in Moss v. Hartford are indistinguishable with respect to the peremption issues.

The <u>Moss</u> decision and the authorities cited therein are convincing that there is no reasonable possibility that Dr. Moss could recover in state court against the Fitzgerald agency defendants.  The claims are barred by peremption.  Accordingly, the citizenship of the Fitzgerald defendants may be ignored under the improper joinder doctrine.

A finding of improper joinder is tantamount to dismissal of the defendant who is improperly joined.  <u>See</u>   <u>Carriere v. Sears, Roebuck & Co.</u>, 893 F.2d 98, 102 (5th Cir. 1990)("summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery").  It is, therefore, recommended that the court grant summary judgment *sua sponte* and dismiss all claims against Tim Fitzgerald and Associates, LLC and TFG Financial Group Benefits, LLC.  The notice requirement of Rule 56 is satisfied by Dr. Moss's opportunity, in the course of briefing the motion to remand, to argue and submit evidence regarding the peremption defense. He also has the opportunity to file objections to this report and recommendation.  <u>See</u> <u>Magouirk v. Phillips</u>, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of a defense in a magistrate judge's recommendation satisfied due process).

Accordingly,

**IT IS RECOMMENDED** that Dr. Moss's **Motion to Remand (Doc. 9)** be **denied**.

**IT IS FURTHER RECOMMENDED** that all claims against Tim Fitzgerald and Associates, LLC and TFG Financial Group Benefits, LLC be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of June, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE