UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

JAMES L. MOSS, M.D.

versus

UNUM PROVIDENT GROUP
CORPORATION, ET AL.

CIVIL ACTION NO. 10-0002

JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court are briefs on the merits, a joint stipulation and the administrative record in the above-captioned case. See Record Documents 15, 23, 26, 33 and 36. For the reasons set forth below, all claims made by the plaintiff Dr. James L. Moss ("Moss") against the defendants, New York Life Insurance Company, Paul Revere Life Insurance Company and Unum Group (hereinafter collectively referred to as "Unum") are **DISMISSED WITHOUT PREJUDICE.**

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

Dr. James L. Moss ("Moss") is a urologist who practices with Regional Urology, L.L.C., in Shreveport, Louisiana. Moss has two disability policies with

---

[1] The facts of this case were laid out further in the court's previous ruling and need not be repeated. See Record Document 72.

Unum.[2] The first policy, effective June 28, 1991, bears number H60012221 and provides a monthly disability benefit of $13,700.00. The second policy, effective June 20, 1993, bears number H3236853 and provides a monthly disability benefit of $2,500.00.

On February 6, 2008, Moss filed a claim with Unum for total disability benefits under his policies. Moss claimed he suffered from severe right shoulder osteoarthritis which resulted in a decline in his range of motion. See Record Document 1 at Ex. A. Along with his claim, Moss submitted several reports from physicians indicating that the osteoarthritis prevented Moss from performing his duties as a urological surgeon. See id.

On June 5, 2009, Unum notified Moss of its decision to deny his claim.[3] In addition to a providing a thorough justification of its decision, the notice explained the administrative appeal process in plain terms:

> If you or your physician(s) have additional information to support your request for disability benefits, we will be happy to reconsider your

---

[2] Moss purchased both policies from New York Life Insurance Company. However, on October 4, 2000, the New York Life policies were transferred to be administered by Paul Revere, a subsidiary of Unum Group, under a reinsurance agreement.

[3] Unum reviewed and evaluated Moss's claim, but the matter was assigned to an adjuster acting for Paul Revere Life Insurance Company as administrator for New York Life.

> claim. Please send the additional information to my attention for further review within 180 days of the date of this letter. . . .
>
> If you do not have additional information, disagree with our determination, and want to appeal this claim decision, you must submit a written appeal. This appeal must be received by us within 180 days of the date of this letter. Your written appeal should include your comments and views of the issues, as well as any new documentation you may wish to consider.

Record Document 15 at Ex. 10 at 46-47. Moss did not appeal Unum's decision but rather filed suit against Unum in state court seeking benefits and statutory penalties on December 2, 2009. See Record Document 1 at Ex. A. Unum removed the case to this court on January 4, 2010. See id. Both parties filed Motions for Judgment Based on the Administrative Record. See Record Documents 26 and 30. The parties also filed a Joint Stipulation Of Facts in which they agreed that Employee Retirement Income Security Act of 1974 ("ERISA") governed the plans at issue. See Record Document 23 at 3. However, during a status conference held by Magistrate Judge Mark Hornsby on January 26, 2011, plaintiff's counsel stated that plaintiff's claims may not be governed by ERISA and subsequently moved this court to strike the ERISA scheduling order. See Record Documents 38 and 39. The court reviewed briefs submitted by the parties on the issue, and this court ruled that Moss's claims are governed by ERISA. See Record Documents 72 and 73.

## II. LAW AND ANALYSIS

It is well settled in this circuit that plaintiffs must exhaust available administrative remedies before filing suit to recover benefits under an ERISA plan. See Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corps., 215 F.3d 475, 479 (5th Cir. 2000); Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997); Denton v. First Nat'l Bank of Waco, 765 F.2d 1295, 1300-03 (5th Cir. 1985). Although not contained in the statute itself, this jurisprudential requirement is designed to "keep from turning every ERISA action, literally, into a federal case." Denton, 765 F.2d at 1300.

Moss concedes that Unum notified him of his option to appeal its decision. See Record Document 36 at 12. Moss also admits that he failed to exercise his option to appeal or provide Unum with additional information. See id. Instead, Moss argues that he should not be required to exhaust his administrative remedies because doing so would be futile. The Fifth Circuit has recognized an exception to the exhaustion requirement when exhaustion of administrative remedies is futile. See Bourgeois, 215 F.3d at 479 n.5 (citing Hall, 105 F.3d at 232). However, the exception is limited to cases where the plan administrator is hostile or biased against the claimant. See Denton, 765 F.2d at 1302-03 (finding that a failure to show hostility or bias was fatal to a claim of futility); see also McGowin v. Manpower Int'l, Inc., 363 F.3d 556, 559

(5th Cir. 2004). Mere allegations of hostility or bias are insufficient; rather, the plaintiff must support the allegations with competent evidence. See Denton, 765 F.2d at 1302-03; Poch v. Unum Group, et al., 2011 WL 4479540 at *8 (W.D. La. Sept. 26, 2011); Smith v. Unum Life Ins. Co. Of Am., 2008 WL 459717 at *8 (S.D. Miss. Oct. 10, 2008). Otherwise, the exhaustion requirement would be rendered meaningless because "no plaintiff who knew how to claim 'bitterness or hostility' on the part of the [administrator] could be compelled to submit his claim for administrative review of the denial of benefits prior to the filing of a federal lawsuit." Denton, 765 F.2d at 1303.

In this case, Moss asserts hostility or bias because "Unum's conduct in the handling of this case . . . reveals the bad faith inherent within Unum's claims handling and decision-making processes." Record Document 36 at 10. These allegations are merely conclusory, and Moss does not support them with competent evidence. To the contrary, a review of the record shows that Unum acted properly in its handling of Moss's claim. Unum's adjuster frequently communicated with Moss's attorney and kept him apprised of the status of Moss's claim. There is simply no evidence of hostility or bias.

Moss was given the opportunity to provide Unum with additional information and have Unum reconsider its denial. Additionally, Moss could have appealed

Unum's decision, but he failed to do so. In Denton, the Fifth Circuit said it was "impossible to find" hostility or bias where the plaintiff had appeal rights, knew of his appeal rights, and was invited to exercise those rights within a certain period of time. 765 F.2d at 1303. Similarly, in this case, Moss was aware of his appeal rights and was invited by Unum to exercise those rights within 180 days. Like the court in Denton, it is impossible for this court to find hostility or bias on the part of Unum. Accordingly, the futility exception to the exhaustion requirement does not apply.[4]

### III. CONCLUSION

For the foregoing, reasons, the court concludes that Moss failed to exhaust his administrative remedies. Accordingly, Moss's claims against Unum are **DENIED** and **DISMISSED WITHOUT PREJUDICE**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

---

[4] Moss also argues that the exhaustion requirement should not apply because Unum breached its contract by denying his claim. This argument has no merit. Moss's subjective belief that Unum breached its contract does not entitle Moss to circumvent exhaustion of his administrative remedies. See Poch, 2011 WL 4479540 at *9 ("To allow plaintiffs who disagree with the administrator's decision to engage in this course of action would render meaningless the exhaustion requirement.").

**THUS DATED AND SIGNED** at Shreveport, Louisiana, this **14th** day of March, 2013.

_____
JUDGE TOM STAGG